ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 FOR THE PURPOSE OF 19 O.S. 215.8 (1991), WHEN DOES AN INDIVIDUAL BECOME A "CANDIDATE" FOR UNITED STATES REPRESENTATIVE?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY CLEARLY CONTROLLING STATUTES, THIS OFFICE HAS DETERMINED YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
YOUR QUESTION REFERS TO 19 O.S. 215.8, WHICH PROVIDES AS FOLLOWS:
 "THE DISTRICT ATTORNEY SHALL BE INELIGIBLE TO BE A CANDIDATE FOR ANY OFFICE WHICH HAS A TERM ANY PORTION OF WHICH IS THE SAME AS THE TERM FOR WHICH HE WAS ELECTED. (EMPHASIS ADDED.)"
NOWHERE WITHIN THIS PARTICULAR STATUTE OR, FOR THAT MATTER, IN THE OTHER STATUTES PERTAINING TO THE OFFICE OF THE DISTRICT ATTORNEY IS "CANDIDATE" DEFINED. "CANDIDATE" IS, HOWEVER, DEFINED IN 74 O.S. 4202(4) (1991) WHICH READS AS FOLLOWS:
 "CANDIDATE" MEANS A PER ON WHO HAS FILED A NOTIFICATION AND DECLARATION OF CANDIDACY FOR ANY PUBLIC OFFICE WITH THE SECRETARY OF THE STATE ELECTION BOARD OR THE SECRETARY OF ANY COUNTY ELECTION BOARD. THE TERM "CANDIDATE" SHALL INCLUDE A PER ON WHOSE CANDIDACY IS UNOPPOSED, BUT SHALL NOT INCLUDE ANY PER ON WHO HAS WITHDRAWN SUCH NOTIFICATION AND DECLARATION OF CANDIDACY(.) (EMPHASIS ADDED.)"
OKLAHOMA LAW PROVIDES THAT WHENEVER THE MEANING OF A WORD OR PHRASE IS DEFINED IN ANY STATUTE SUCH DEFINITION IS APPLICABLE TO THE SAME WORD OR PHRASE WHENEVER IT OCCUR, EXCEPT WHERE A CONTRARY INTENTION PLAINLY APPEARS. 25 O.S. 2 (1991); SEE ALSO OLIVER V. CITY OF TULSA, 654 P.2D 607, 611 (OKLA.1982). THUS, THE ABOVE DEFINITION OF "CANDIDATE," IS APPLICABLE TO THE TERM "CANDIDATE" WHEREVER IT IS USED UNLESS A CONTRARY INTENTION PLAINLY APPEARS. NO SUCH CONTRARY INTENTION APPEARS IN 19 O.S. 1991, S 215.8. CONSEQUENTLY, THE DEFINITION OF "CANDIDATE" AS IT APPEARS IN 74 O.S. 4202(4), IS APPLICABLE TO THE TERM "CANDIDATE" IN 19 O.S. 215.8, AND AN INDIVIDUAL IS NOT A CANDIDATE FOR UNITED STATES REPRESENTATIVE UNTIL HE FILES A NOTIFICATION AND DECLARATION OF CANDIDACY FOR SUCH OFFICE WITH THE SECRETARY OF THE STATE ELECTION BOARD AS REQUIRED BY 26 O.S. 5-102 (1991). SEE OKLAHOMA STATE ELECTION BOARD V. COATS, 610 P.2D 776, 779 (OKLA.1980) (WHILE NOT DIRECTLY DEFINING "CANDIDATE," THE COURT IMPLIES THAT AN INDIVIDUAL IS NOT A CANDIDATE UNTIL HE FILES HIS NOTIFICATION AND DECLARATION OF CANDIDACY); A.G. OPIN. NOS. 74-147 AND 84-094 .
THE MERE FACT THAT ONE MAY BE A "CANDIDATE" FOR PURPOSES OF FEDERAL LAW BEFORE A NOTIFICATION AND DECLARATION OF CANDIDACY IS FILED DOES NOT CHANGE THE MEANING OF "CANDIDATE" FOR PURPOSES OF STATE LAW. FOR PURPOSES OF STATE LAW, AN INDIVIDUAL IS NOT A CANDIDATE FOR UNITED STATES REPRESENTATIVE FROM OKLAHOMA UNTIL HE HAS FILED A NOTIFICATION AND DECLARATION OF CANDIDACY WITH THE SECRETARY OF THE STATE ELECTION BOARD AS REQUIRED BY 26 O.S. 5-102 (1991).
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED THAT FOR THE PURPOSE OF STATE LAW, AN INDIVIDUAL BECOMES A CANDIDATE PURSUANT TO 74 O.S. 4202(4), UPON FILING A NOTIFICATION AND DECLARATION OF CANDIDACY WITH THE SECRETARY OF THE STATE ELECTION BOARD OR THE SECRETARY OF A COUNTY ELECTION BOARD. THEREFORE, FOR THE PURPOSE OF 19 O.S. 215.8, AN INDIVIDUAL BECOMES A CANDIDATE FOR UNITED STATES REPRESENTATIVE ONLY UPON FILING A NOTIFICATION AND DECLARATION OF CANDIDACY WITH THE SECRETARY OF THE STATE ELECTION BOARD AS REQUIRED BY 26 O.S. 5-102 (1991).
SEE: 2 U.S.C.A. 431(2)
(VICTOR N. BIRD)